NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JOE LANGENDORF and SHIRLEY LANGENDORF, husband and wife,
*Plaintiffs/Appellants*,

*v.*

BUCKEYE WATER CONSERVATION AND DRAINAGE DISTRICT, a
political subdivision of the State of Arizona, *Defendant/Appellee*.

No. 1 CA-CV 14-0399

FILED 4-28-2015

Appeal from the Superior Court in Maricopa County
No.  CV2013-000037
The Honorable Dean M. Fink, Judge

**AFFIRMED**

COUNSEL

Curtis Goodwin Sullivan Udall & Schwab PLC, Phoenix
By Larry K. Udall and Michael A. Curtis
*Counsel for Plaintiffs/Appellants*

The Herzog Law Firm PC, Scottsdale
By Michael W. Herzog
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Maurice Portley and Judge Jon W. Thompson joined.

---

**G O U L D**, Judge:

**¶1**         Joe and Shirley Langendorf (the "Langendorfs") appeal from the trial court's order granting summary judgment in favor of Buckeye Water Conservation and Drainage District (the "District").   For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**         The Langendorfs own property adjacent to an irrigation canal owned and operated by the District.  In March 2012, a breach occurred in the canal bank causing water to flood and damage the Langendorfs' property.

**¶3**         The Langendorfs sued the District on the theories of negligence, trespass, and negligence per se.  The District filed a motion for summary judgment asserting the defense of absolute immunity pursuant to Arizona Revised Statutes ("A.R.S.") section 12-820.01(A)(2).

**¶4**         After the parties presented their oral arguments, the Langendorfs made a request to supplement their response with additional evidence.  The trial court denied the request.  However, the Langendorfs ignored the trial court's ruling and filed a supplemental motion that included additional affidavits offering evidence of the District's negligence. The District filed a motion to strike the Langendorfs' supplemental argument, which was granted by the trial court.

**¶5**         The trial court granted the District's motion for summary judgment based on absolute immunity.  Judgment was entered in favor of the District, and the Langendorfs timely appealed.

### DISCUSSION

**¶6**         We review a grant of summary judgment de novo, and view the facts in the light most favorable to the party opposing the motion. *Williamson v. PVOrbit, Inc.*, 228 Ariz. 69, 71, ¶ 11 (App. 2011); *Warrington by*

*Warrington v. Tempe Elementary Sch. Dist. No. 3*, 187 Ariz. 249, 250 (App. 1996).  We review de novo whether a public entity has absolute immunity. *Myers v. City of Tempe*, 212 Ariz. 128, 130, ¶ 9 (2006).

¶7      The Langendorfs contend that the District cannot assert an absolute immunity defense because its decision to adopt a shotcreting program to prevent canal erosion was not a determination involving a fundamental governmental policy.  We disagree.

¶8      In order for the District to raise the defense of absolute immunity, it must show that its shotcreting program was based on the determination of a fundamental governmental policy.  *Kohl v. City of Phoenix*, 215 Ariz. 291, 295, ¶ 19 (2007); A.R.S. § 12-820.01(A)(2).  A "[f]undamental governmental policy involves the exercise of discretion and includes . . . a determination of whether to seek or whether to provide the resources necessary for . . . the construction or maintenance of [government] facilities."  A.R.S. § 12-820.01(B)(1)(b).  Additionally, a fundamental governmental policy involves "[a] determination of whether and how to spend existing resources, including those allocated for equipment, facilities and personnel."  A.R.S. § 12-820.01(B)(2).

¶9      In *Kohl*, our supreme court examined whether the City of Phoenix was immune under A.R.S. section 12–820.01 from liability for its decision not to install a traffic signal at an intersection where the plaintiffs' son was killed by an automobile.  *Kohl*, 215 Ariz. at 292, ¶ 1.  Due to the large number of intersections in the City, as well as the City's limited funds and resources, the City adopted a system for allocating priorities among intersections for the installation of traffic signals.  *Id*. at ¶¶ 5–8.  The supreme court held that the City engaged in a determination of fundamental governmental policy when, based on its priority system,  it decided where to install traffic signals and concluded that it would not spend its resources to place a signal at the subject intersection.  *Id.* at ¶¶ 14–15.  *See Myers*, 212 Ariz. at 130, ¶ 10 (absolute immunity pursuant to A.R.S. § 12-820.01 applied to  City of Tempe's decision to enter into an automatic aid agreement with neighboring municipalities to provide emergency services; adoption of the agreement involved "weighing risks and gains, concerned the distribution of resources and assets, and required consulting the city's subject matter experts").

¶10      Here, as in *Kohl*, the District exercised its discretion and approved a plan to provide resources necessary for the maintenance of its facilities; specifically, shotcreting the District's canals.  The Board of Directors of the Buckeye Water Conservation and Drainage District

approved a Lining Matrix designed by the District's expert to implement the shotcreting program. The Lining Matrix broke down the entire District canal system into thirty-two sections. A Matrix Score was developed for each section based on multiple factors including the height of native grade to high water mark, known history of leaks and gopher holes, ongoing canal width erosion, O&M road width, and other special risk factors. Sections with the highest Matrix Score received priority.

¶11        After the Board adopted the Lining Matrix, it authorized funding so that the District could shotcrete the canal based on the Lining Matrix. The District began shotcreting a portion of the canal from "Watson to Apache," which had a higher priority based upon the Lining Matrix than the portion of the canal that is adjacent to the Langendorfs' property.

¶12        Accordingly, the District's decision to adopt the Lining Matrix in prioritizing sections of the canal for shotcreting involved a fundamental governmental policy and was therefore absolutely immune under A.R.S. § 12-820.01(A)(2).[1]

¶13        The Langendorfs also argue that the District may not assert the defense of absolute immunity because the shotcreting program was only implemented to address damage due to water erosion, and not damage caused by gopher infestation. The Langendorfs contend that the flooding on their property was caused by gopher infestation.

¶14        The Langendorf's contention is not supported by the record. Although the District's shotcreting program was primarily designed to prevent water erosion, that was not the only purpose of the program. The record clearly shows that the District's decision to line the canals with shotcrete was also designed, in part, to prevent gopher damage to the canals.

¶15        The Langendorfs also contend that even if absolute immunity applies to their negligence claim, it does not shield the District from liability as to their negligence per se claim. The Langendorfs are incorrect. Absolute immunity shields a public entity from liability for all negligent acts. A.R.S.

---

[1]        Contrary to the assertion of the Langendorfs, the District's decision to shotcrete a portion of the canal adjacent to the Langendorfs' property prior to its ranking in the Lining Matrix did not preclude the District from asserting the defense of absolute immunity. *See Kohl*, 215 Ariz. at 296–97, ¶¶ 25–26 (holding the decision to signalize three street corners before their ranked order did not affect the City's immunity from suit).

§ 12-820.01(A)(2); *Chamberlain v. Mathis*, 151 Ariz. 551, 554 (1986); *Kohl*, 215 Ariz. at 295, ¶ 16 ("Section 12-820.01(A)(2) immunizes all determinations of fundamental governmental policy, even those that can be shown to fall below a standard of reasonable care.").

¶16  Finally, the Langendorfs argue that the trial court erred when it denied their request to supplement their response to the District's motion. We review the trial court's ruling for an abuse of discretion. *Larsen v. Decker*, 196 Ariz. 239, 241, ¶ 6 (App. 2000).

¶17  The trial court did not abuse its discretion. In addition to being untimely, the Langendorfs' supplemental affidavits and arguments do not oppose or address the District's defense of absolute immunity. Ariz. R. Civ. P. 56(c) (timeliness of opposing affidavits); Ariz. R. Civ. P. 56(e) (party opposing summary judgment must do so with affidavits and specific facts setting forth a genuine fact dispute); *GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 5 (App. 1990) (opposing party's failure to present facts controverting the moving party's affidavits permits the trial court to accept facts alleged by moving party as true). The Langendorfs' supplement addresses the purported insufficiency of shotcreting as a method to control gopher infestation and the alleged negligence of the District in maintaining the canals. None of the additional evidence addresses whether the District's decision to adopt the shotcreting program involved a fundamental governmental policy pursuant to A.R.S. § 12-820.01(A)(2).[2] We find no error.

**CONCLUSION**

¶18  For the foregoing reasons, we affirm the judgment of the trial court.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[2]  Based on our decision in this case, the District's motion to strike reference to the affidavit of Albert Clemmens contained within the Lagendorfs' opening brief is moot.